# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-0616V
**Filed: May 3, 2017**
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| DAVID A. JOHNSON, \* | |
| \* | |
| Petitioner, \* | |
| v.  \* | |
| \* | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH \* | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, \* | |
| \* | |
| Respondent. \* | |
| \* | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Ezra A. Johnson*, Uhl Fitzsimons Jewett & Burton, PLLC, San Antonio, TX, for petitioner.
*Sarah C. Duncan*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On May 25, 2016, David A. Johnson ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that an influenza ("flu") vaccine he received on September 28, 2015, caused him to suffer injuries, including Guillain-Barré syndrome ("GBS"). Petition at 1; Stipulation, filed April 4, 2017, at ¶ 4. On April 4, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. (ECF No. 32).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 29, 2017, petitioner filed a motion for attorneys' fees and costs.  (ECF No. 30).[3]  Petitioner requests attorneys' fees in the amount of $16,865.25, and attorneys' costs in the amount of $539.84, for a total amount of $17,405.09.  *Id.* at 44.  In compliance with General Order #9, petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 34).

On April 17, 2017, respondent filed a response to petitioner's motion.  (ECF No. 33).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent, however, further that he is "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id*. at 2.  Respondent further states that the "Federal Circuit has also made clear that  special masters may rely on their prior experience in making reasonable fee determinations, without conducting a line-by-line analysis of the fee bill, and are not required to rely on specific objections raised by respondent. *Id.* at 2.  Thus, respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs in this case."  *Id.* at 3.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates in this particular case with one exception.  The maximum hourly rate that has been awarded to paralegals in the Vaccine Program is $145.00.[4]  Therefore, the paralegal time entry of 0.80 hours for Ms. Grummet on December 30, 2016, which was billed at $175.00 per hour, has been reduced to $145 an hour, a total reduction of $24.00.

**Accordingly, the undersigned awards the total of $17,381.09[5] as follows:**

- **A lump sum of $17,381.09, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel,  Ezra A. Johnson of the law firm Uhl Fitzsimons Jewett & Burton, PLLC.**

---

[3] Petitioner filed a motion to amend his attorney fee application on May 3, 2016, to include the $400 filing fee.

[4] http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2015-2016.pdf

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.